### JOHN PAGE *vs.* INHABITANTS OF DANVERS.

**A** list of persons to serve as jurors was prepared and laid before a town by its selectmen: The town voted that said list be not accepted, and also voted to elect a list by nomination: Thereupon several persons, part of whom were on the list prepared by the selectmen, and part not on that list, were nominated and declared chosen. *Held,* that these persons were legally selected as jurors.

**A** verdict will not be set aside, upon motion of the losing party, merely on the ground that some of the jurors were irregularly selected, although he did not know of such irregularity before the verdict was returned.

THIS was a proceeding upon a petition for a jury to assess damages, alleged to have been sustained by the petitioner by the laying out of a road over his land in Danvers. A warrant was issued to the sheriff, by the county commissioners, requiring him to summon and empannel a jury for said purpose, and the sheriff did so. The jury gave a verdict for the petitioner, which was returned to the court of common pleas. The respondents objected to the acceptance of the verdict, for the following cause. Because they "had learned, for the first time, since the case was tried and decided by the jury, and their verdict was sealed up and delivered to the sheriff, that certain jurors from the town of Topsfield" (naming them) "who acted as such in this case, were not selected as jurors in conformity with law, and were not duly qualified to act as such; as appears by the record of said town of Topsfield at the meeting at which they were chosen, a copy of which is herewith presented."

It appeared from said record, that the second article in the warrant for the town meeting held in Topsfield, on the 14th of November 1842, was this: "To see if the town will accept the list of names of persons which shall be offered as jurymen:" That at said meeting, "the following list of persons' names, offered by the selectmen for jurymen, was read." (Here sixteen names

were inserted.) " *Voted* that the foregoing list be not accepted. *Voted* to elect a list by nomination, and " (sixteen persons named) " were severally nominated, and declared chosen." In this last list were the names of seven of the persons whose names were on the first list, and the names of nine others, not on that list.

The court of common pleas accepted the verdict, and ordered it to be recorded, &c.; and the respondents appealed to this court.

*Proctor*, for the respondents.

*Ward*, for the petitioner.

SHAW, C. J. 1. The mode of selecting jurors in Topsfield is not to be commended; the form of the votes being somewhat objectionable. But it is quite manifest that the town had ful power to do all that they did. Rev. Sts. *c.* 95, §§ 4, 5. The list was reported by the selectmen, and thereupon the town had full power to adopt it in whole or in part; and the effect of what was done was to adopt part of the list, to reject part, and to substitute others; all which they had power to do. The effect of their votes, after all, was only not to accept the list in full, as it was reported.

2. But upon another point, the court are of opinion, that if there was any irregularity in the manner of selecting the jury, and if this would have been good ground of exception, if seasonably taken, still it came too late, after proceeding to trial. The ground is, not that the jurors were interested or prejudiced, or otherwise personally improper, but that there was a mere irregularity not apparently affecting the merits. Such an objection, if available at all, must be seasonably taken. This results from strong considerations of policy and expediency, rendering it an imperative rule of practice. In the trial of every civil action, in a large county, the jurors are usually drawn from various towns. If any irregularity, found in selecting jurors in any of these towns, not affecting the capacity or fitness of the jurors returned, would enable a losing party to set aside a verdict otherwise free from any exception on the merits, it would be a dangerous temptation to such party to send through the various towns for the means of getting rid of an honest verdict, upon technical objections

The reasons for establishing a contrary rule, we think, are very strong, founded in good sense, and will much subserve the purposes of justice. *Hill* v. *Yates,* 12 East, 229. *The King* v *Hunt,* 4 Barn. & Ald. 430. *Queen* v. *Hepburn,* 7 Cranch, 290 *Amherst* v. *Hadley,* 1 Pick. 38. *Howland* v. *Gifford,* 1 Pick. 43, note. *Commonwealth* v. *Parker,* 2 Pick. 550. *Munroe* v. *Brigham,* 19 Pick. 368. The same rule is within the spirit, if not prescribed by the terms, of the Rev. Sts. *c.* 95, § 30.

*Judgment of the court of common pleas affirmed.*